UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DEAN E. ARNDT, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CAUSE NO.: 4:19-CV-98-TLS |

**OPINION AND ORDER**

The Plaintiff Dean E. Arndt seeks review of the final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits and supplemental security income. The Plaintiff argues that (1) the Appeals Council erred in its treatment of newly submitted evidence, (2) the Administrative Law Judge (ALJ) improperly evaluated the Plaintiff's symptoms and limitations, and (3) the ALJ's vocational findings were based on legal error and not supported by substantial evidence. For the reasons set forth below, the Court finds that reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On April 15, 2016, the Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on January 21, 2015. AR 11, ECF No. 8. After the claims were denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on February 28, 2018. *Id.* On August 22, 2018, the ALJ issued a written decision, finding the Plaintiff not disabled. *Id.* at 11–19. The Plaintiff sought review of the ALJ's decision by the Appeals Council and submitted additional evidence, but the Council subsequently denied review. *Id.* at 1–4. Thus, the ALJ's decision is the final decision of

the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On October 15, 2019, the Plaintiff filed his Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief [ECF No. 13], the Commissioner filed a response brief [ECF No. 14], and the Plaintiff filed a reply brief [ECF No. 15].

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 21, 2015, the alleged onset date. AR 13.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). Here, the ALJ determined that the

Plaintiff has the severe impairments of congestive heart failure, familial dilated cardiomyopathy, obesity, osteoarthritis, diabetes, a spinal disorder, bicipital tendonitis of the right shoulder, sleep apnea, and hypertension. AR 13.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing. AR 14.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of sedentary work consisting of lifting, carrying, pushing, and pulling a maximum of 10 pounds with occasional lifting and carrying of lesser weight such as small tools and file folders, standing and walking no more than two hours in an[] eight-hour day, and sitting about six hours in an eight-hour day. He can never climb ladders, ropes, or scaffolds or crawl, and no more than occasionally perform other postural maneuvers. He is able to perform overhead reaching with the dominant right upper extremity no more than occasionally, and with the bilateral upper extremities, he is able to engage in no more than frequent reaching in other directions, as well as frequent handling and fingering. There should be no concentrated exposure to temperature extremes, high humidity, fumes, odors, dusts, gases, or poor ventilation.

3

AR 15.

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 17.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy, such as a telephone quote clerk, food and beverage order clerk, and charge account clerk. AR 18. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1512, 416.912.

## APPEALS COUNCIL'S DENIAL OF REVIEW

The Plaintiff sought review of the ALJ's decision with the Appeals Council and submitted additional evidence, consisting of various medical records. AR 1–4; *see id.* at 32–194 (newly submitted evidence). The Appeals Council ultimately denied the Plaintiff's request for review. *Id.* at 1. Regarding the newly submitted evidence, the Appeals Council stated:

> You submitted treatment records from Christian Clinic dated July 25, 2014 through May 13, 2016 (15 Pages). This evidence is not new because it is a copy of Exhibit B4F. We did not exhibit this evidence.
>
> You also submitted treatment records from Christian Clinic dated June 17, 2016 through June 19, 2018 (94 Pages) and treatment records from Franascan[sic] Physician Network Rensselaser dated July 9, 2018 through August 13, 2018 (18 Pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted treatment records from Franascan[sic] Physician Network Rensselaer dated August 23, 2018 through September 27, 2018 (8 Pages), treatment

4

> records from Neurology & Pain Management Rensselaer dated September 4, 2018 through September 17, 2018 (9 Pages) and Ferry Rheumatology dated January 16, 2019 (4 Pages). The Administrative Law Judge decided your case through August 22, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 22, 2018.

*Id.* at 2.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the

5

issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

The Plaintiff raises multiple arguments, but the Court need only address the one that compels remand. The Appeals Council committed legal error when it determined that some of the Plaintiff's newly submitted evidence was not related to the period simply because of the timing of the evidence.

**A.      Additional Evidence Submitted to the Appeals Council**

The Plaintiff argues that the Appeals Council erred in its denial of review, specifically in how it assessed the evidence he submitted to the Council for the first time. Typically, the Appeals Council's "decision whether to review is 'discretionary and unreviewable.'" *Getch v. Astrue*, 539 F.3d 473, 483–84 (7th Cir. 2008) (quoting *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997)). However, when the Plaintiff provides additional evidence to the Appeals Council, the Council will review the case provided the evidence "is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). If the Appeals Council determines that the submitted evidence was "not new and

material, and therefore deemed the evidence 'non-qualifying under the regulation,'" courts will review that conclusion for legal error if challenged. *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015) (quoting *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012)); *see Perkins*, 107 F.3d at 1294 ("Review is possible only if . . . the Appeals Council's action rests of a mistake of law, such as a determination that the evidence submitted for the first time to the Appeal's Council was not 'new' or 'material' within the meaning of the governing rules.").

As an initial matter, the Defendant seems to suggest that, since the regulations were changed in 2017, the opinions reviewing for legal error under the previous regulations are no longer applicable. While the current regulations are not a model of clarity, they still require the Appeals Council to decide at the outset if the evidence is new, material, and related to the relevant period.[1] *See* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Nothing in the regulation suggests that those initial determinations are no longer reviewable for legal error. Moreover, the Council's statements used boilerplate language to conclude that the evidence did not qualify. Thus, the Court will not presume the Appeals Council made a discretionary determination, and it will review the Council's decision about the newly submitted evidence for legal error. *See Stepp*, 795 F.3d at 724–25 (construing boilerplate language about newly submitted evidence as a decision that the evidence was non-qualifying); *Farrell*, 692 F.3d at 771 (same).

---

[1] When the regulations were modified in 2017, they "incorporated the language used by the Seventh Circuit in *Stepp* to evaluate materiality as part of the required determination." *Davis v. Comm'r of Soc. Sec.*, 3:20-CV-303, 2021 WL 2451908, at *4 (N.D. Ind. June 16, 2021). Because the regulations already require that the evidence be "material," the dual requirements appear duplicative under current Seventh Circuit precedent. *Id.* (citing *Teresa F. v. Saul*, No. 1:18-cv-1967, 2019 WL 2949910, at *8 (S.D. Ind. July 9, 2019)). While this has caused confusion among courts in this circuit, *see id.*, it will not limit the Court's review in this case. The Court's decision is based on whether the evidence "relates to the period," which was not affected by this change to the regulation.

In this case, the Appeals Council's error lies in the following statement regarding newly submitted evidence:

> You submitted treatment records from Franascan[sic] Physician Network Rensselaer dated August 23, 2018 through September 27, 2018 (8 Pages), treatment records from Neurology & Pain Management Rensselaer dated September 4, 2018 through September 17, 2018 (9 Pages) and Ferry Rheumatology dated January 16, 2019 (4 Pages). The Administrative Law Judge decided your case through August 22, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 22, 2018.

AR 2.

To start, the only supplemental records submitted from Franciscan Physician Network were dated July 27, 2018, *see id.* at 181–94, which falls outside of the "August 23, 2018 through September 27, 2018" range described by the Appeals Council. This discrepancy creates confusion about which part of those records, if any, were rejected for being unrelated to the period.[2] Regardless, all of the Franciscan records relate to the relevant period because they predate the ALJ's decision and are relevant to the Plaintiff's medical issues underlying his claim for disability.

Next, the Appeals Council's statement suggests that it found these records to be non-qualifying simply because they were created after the ALJ's decision. However, just because the records were created after the August 22, 2018 decision does not mean they are unrelated to the

---

[2] Adding further confusion, the Appeals Council found that "records from Franascan[sic] Physician Network Rensselaer dated July 9, 2018 through August 13, 2018 (18 Pages) . . . does not show a reasonable probability that it would change the outcome of the decision." AR 2. However, the evidence from Franciscan Physician Network dated July 27, 2018, only consisted of 14 pages. *Id.* at 181–94. There were five pages of documents from "Franciscan Health Rensselaer" dated April 26, 2016 and November 6, 2017, *id.* at 125–29, but those records do not fall into either date range identified by the Appeals Council. These discrepancies make review of the Appeals Council's decision difficult because it is not clear why certain records were deemed non-qualifying. *See Stepp*, 795 F.3d at 725 n.7 (explaining how "the Council must identify in a sufficiently clear manner which evidence (if any) it evaluated in reaching its decision to decline plenary review").

8

period. *See Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) ("[W]e have held that medical evidence generated after an ALJ's decision cannot [be] deemed irrelevant solely because of timing."); *see also Farrell*, 692 F.3d at 771 (finding that evidence confirming a diagnosis "in December 2008, 'relates to the period on or before the date of the administrative law judge hearing decision' (November 2008) as required by" the regulation). The records from Neurology & Pain Management and Ferry Rheumatology relate to the Plaintiff's disability claim because they provide information about his medical condition and treatment prior to August 22, 2018. By ignoring the relevance of these records and dismissing them simply because of their timing, the Appeals Council erred. *See Lefebvre v. Saul*, No. 1:18-cv-274, 2019 WL 4565500, at *3 (N.D. Ind. Sept. 20, 2019) ("[I]t was ignored based on the timing of the evidence alone. And therein lies the error."); *Anderson v. Berryhill*, No. 1:17-cv-183, 2018 WL 3471160, at *4 (N.D. Ind. July 18, 2018) ("[T]he Appeals Council's cursory, formulaic rejection of [the MRI and the Ortho Northeast records] simply because [they were] generated after the ALJ's decision, without any legal or factual reasoning, is insufficient." (quoting *Webster v. Colvin*, 215 F. Supp. 3d 237, 242 (W.D.N.Y. 2016))).

In fact, the newly submitted evidence is not only related to the appropriate period, but it is also material to the Plaintiff's claims. Evidence is material "if it creates a 'reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered.'" *Stepp*, 795 F.3d at 725 (quoting *Perkins*, 107 F.3d at 1296). Here, the evidence meets that standard because it helps address the ALJ's concerns about the consistency between the medical evidence and the Plaintiff's statements regarding "the intensity, persistence and limiting effects" of his symptoms. AR 16; *see Farrell*, 692 F.3d at 771 (concluding evidence

9

of a fibromyalgia diagnosis was "new and material" because it filled in the "evidentiary gap" identified by the ALJ).

The records from the Plaintiff's visit to Neurology & Pain Management on September 4, 2018—a mere two weeks after the ALJ's decision—is particularly notable. The notes from that visit state that the Plaintiff was being evaluated for "chronic musculoskeletal pain" that began around 2015 or 2016, and which increased over time. AR 41. They describe how previous medications and treatments have not helped with the Plaintiff's pain, *id.* at 42, and it appears he was prescribed additional medication to assist with the pain, *see id.* at 46. The notes also reflect that the Plaintiff "needs assistance with self care," that he had another fall only three to four weeks prior to the appointment, and that he has ongoing dizzy spells. *Id.* at 41. At that visit, it was also determined that the Plaintiff has carpel tunnel syndrome, *id.* at 40, which helps explain the problems he experienced with his hands, *see id.* at 15. Finally, the examination revealed restricted range of motion in his spine and shoulders as well as areas of pain and tenderness. *Id.* at 44–45. This information supports the Plaintiff's claims regarding the intensity, persistence, and limiting effects of his symptoms by providing greater clarity about his condition and suggesting his condition was severe enough to warrant additional treatment. *See Stepp*, 795 F.3d at 726 (explaining that the ALJ's decision was undermined by evidence that the claimant continued to complain of pain and the physician's belief that additional invasive treatment was needed); *see also Newbury*, 321 F. App'x at 18 n.2 ("[S]ubsequent evidence of the severity of a claimant's condition may demonstrate that 'during the relevant time period, [the claimant's] condition was far more serious than previously thought.'" (citation omitted)).

The evidence from Ferry Rheumatology also indicates that the Plaintiff has a "long-standing history of generalized pain consistent with myofascial pain syndrome" and that the

Plaintiff's "coexisting depression [] further contributes to the pain perception exacerbation." *Id.* at 34. That impression—which was not considered in the ALJ's decision—helps explain the Plaintiff's testimony about his symptoms and a possible reason for perceived inconsistencies.

The Defendant generally argues that the new evidence is immaterial because the ALJ already accounted for the Plaintiff's longstanding history and treatment. But this new information fills in evidentiary gaps identified by the ALJ because it provides consistent medical evidence that supports the Plaintiff's testimony. *See Farrell*, 692 F.3d at 771. When viewed in light of the ALJ's decision, the new evidence creates a reasonable probability that the ALJ would have reached a different conclusion as to the Plaintiff's testimony and the assigned RFC.

Finally, the Defendant argues that the Plaintiff has not established good cause for submitting the evidence late. Under the regulations, the Council only considers evidence if the claimant shows "good cause" for why he did not submit the evidence to the ALJ—for example, an unusual, unexpected, or unavoidable circumstance beyond the claimant's control. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). The Defendant is not entirely clear as to whether this good-cause argument extends to these records post-dating the ALJ's decision. Regardless, the Council never stated that it was dismissing the evidence for a lack of good cause. Thus, the Court will not affirm on those grounds here. *See Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("[T]he Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace.").

Accordingly, remand is necessary. The Commissioner will have the opportunity to consider the Plaintiff's additional evidence in assessing his claim for disability benefits.

**B.     Other Arguments**

The Plaintiff makes additional arguments regarding the ALJ's evaluation of the Plaintiff's symptoms and limitations and the ALJ's vocational findings. However, since remand is required due to the Appeals Council's decision on the evidence submitted with the Plaintiff's request for review, these issues need not be addressed at this time. The Plaintiff can address his other concerns on remand.

**C.     Award of Benefits**

The Plaintiff asks the Court to reverse and remand for an award of benefits, or, in the alternative, for a new hearing and decision. "An award of benefits is appropriate . . . only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005)). Based on the discussion above, an immediate award of benefits is not appropriate.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 13] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion. The Court DENIES the Plaintiff's request to award benefits.

SO ORDERED on December 14, 2021.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT